TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Jason Rogers

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Rogers, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Enterprise Recovery Systems, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Jason Rogers, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Jason Rogers (hereafter "Plaintiff"), is an adult individual residing at 1341 West Monroe Street, Phoenix, Arizona 85007, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(10).

5. The Defendant, Enterprise Recovery Systems, Inc. (hereafter "Enterprise"), is a company with an address of 2000 York Road, Suite 114, Oak Brook, Illinois 60523,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Collectors") are individual collectors employed by Enterprise and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Enterprise at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Enterprise for collection, or Enterprise was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

3

B. **<u>Enterprise Engages in Harassment and Abusive Tactics</u>**

12. Within the past year, Enterprise contacted Plaintiff by placing calls to Plaintiff's cellular phone [901-205-xxxx] using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "ATDS" or "Predictive Dialer") in an attempt to collect the Debt.

13. Plaintiff never provided his cellular phone to the Creditor and never provided his consent to be contacted at that number.

14. On several occasions, Plaintiff stayed on the line to speak with a live representative.

15. During these communications, Enterprise repeatedly stated that it had no idea why it was placing calls to Plaintiff as he was not in their system; therefore, Plaintiff requested that Enterprise cease all further calls, and Enterprise confirmed that it would remove Plaintiff's contact information from its dialer system.

16. Thereafter, Enterprise continued to hound Plaintiff with up to five ATDS calls per day.

17. At times, Plaintiff would speak with a live Enterprise representative, confirm that Enterprise was calling the wrong telephone number and terminate the call, only to receive an additional ATDS call from Enterprise minutes later.

18. Moreover, Enterprise also placed calls to Plaintiff's family and disclosed to them that Plaintiff's alleged application for hardship was approved.

4

19. Furthermore, Enterprise asked Plaintiff's family members to instruct Plaintiff to return Enterprise's calls.

### C. Plaintiff Suffered Actual Damages

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, *et seq.*

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

24. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

5

25. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

26. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

31. The Federal Communications Commission (FCC) promulgated rules under the TCPA, including prohibitions of the use of a Predictive Dialer. The FCC defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone

and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.*

32. Enterprise's telephone systems have all the earmarks of a Predictive Dialer. Often times when Enterprise called Plaintiff, Plaintiff would hear a prerecorded message, which stated, "Please hold for an important message" before the call was connected to the next available representative.

33. Often times when Plaintiff answered the phone, Enterprise's telephone system did not connect the call to a live representative, and the phone system would terminate the call.

34. Often times when Plaintiff answered the phone, he would hear a period of silence and was required to say "hello" several times before Enterprise's phone system would connect Plaintiff to the next available representative.

35. Often times when Plaintiff answered the phone, he was met with a period of silence before Enterprise's telephone system would connect him to the next available representative.

36. Enterprise's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

7

37. Plaintiff never provided his cellular telephone to Defendants and never provided his consent to be contacted on his cellular telephone, and in fact instructed Defendants on multiple occasions to stop all calls to him.

38. Plaintiff never provided his cellular telephone to the Creditor and never gave consent to the Creditor to contact him on his cellular telephone number.

39. In the event Defendants at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his repeated demands to cease calls to his cellular telephone.

40. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

41. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

42. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

43. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

# COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

44. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

46. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

47. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced calls.

48. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

49. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

50. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

51. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Statutory and tremble damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

E. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial;

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: November 20, 2013                 LEMBERG & ASSOCIATES, LLC

By: */s/  Trinette G. Kent*
Trinette G. Kent

Attorney for Plaintiff,
Jason Rogers